## J. B. MORGAN *v.* SETH W. NYE.

Since the statute of 1843, a bare majority of the creditors of an insolvent have the power to grant a respite and thus postpone the payment of the debts of the minority.

The vote of a single creditor for a respite, is not a mere offer to make a new contract between the creditor and debtor, but is a *quasi judicial act* by which the rights of other creditors are to be affected.

Any agreement of the debtor to buy the vote of a creditor by giving security for the payment of his debt, must be considered as fraudulent, and the creditor whose vote is thus bought, cannot recover the amount of his debt against the surety furnished by his debtor, as the contract must be considered as a perversion of the course of justice, and a fraud upon the court charged with the homologation of the deliberations of the creditors.

APPEAL from the Fifth District Court of New Orleans, *Eggleston,* J.

*H. T. Hays* and *Henry M. Spofford,* for plaintiff and appellant. *John H. Holland,* for defendant.

MERRICK, C. J. The plaintiff is a resident of Pennsylvania. He had a claim against *Henry S. Sherman* for $2,474 12. Being about to proceed in the United States Circuit Court to collect the debt, the plaintiff was induced to desist and vote for a respite upon the verbal agreement of the defendant to stand security for the debt. It is shown that *Sherman* could not have obtained the respite without the plaintiff's vote, and that other creditors, in ignorance of the private agreement, were governed by this vote, and voted accordingly, which resulted in a respite.

In a little over a year afterwards *Sherman* made a surrender, which produced on this claim $420 11.

This suit was brought to recover of *Nye* the amount assumed by him.

The defence to the action is that the contract is illegal. The Judge of the District Court being of this opinion, gave judgment for defendant, and plaintiff appeals.

On behalf of the plaintiff it is contended in substance, that *Sherman* represented himself to be solvent when the agreement was made, and that the application for and obtaining a respite is no evidence of insolvency, and that the surrender made fourteen months afterwards cannot have a retroactive effect, so as to render invalid an agreement made at a time when the creditor did not suspect his debtor to be insolvent.

We think that it is a matter of no consequence, so far as it concerns this case, whether *Sherman* was or was not insolvent. It is evident that the agreement was entered into for the purpose of obtaining *Morgan's* vote in favor of the respite, and also thereby to influence other creditors. And this result was obtained.

Since the statute of 1843, a bare majority of the creditors have the power to grant the respite, and thus postpone the payment of the debts of the minority. The vote, therefore, of a single creditor, is not a mere offer to make a new contract between the creditor and debtor, but is a *quasi judicial act* by which the rights of other creditors are to be affected. Hence, any agreement of the debtor to buy the vote of a creditor, by giving security for the payment of the debt, must be considered a perversion of the course of justice, and a fraud upon the court charged with the homologation of the deliberations of the creditors. Such a contract cannot be enforced. See *Slidell* v. *Pritchard,* 5 Rob. 104, and authorities there cited.

Judgment affirmed.